IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MICHAEL D. BUTLER, TDCJ # 733314, §§§§§§ | |
| Plaintiff, | |
| v. § | CIVIL ACTION NO. V-04-033 |
| DOUG DRETKE, et al., §§§§ | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Michael D. Butler, a TDCJ-CID inmate, filed a prisoner complaint alleging that prison officials retaliated against him for exercising a constitutionally protected right.  He further alleged that he was discriminated against because he was disabled.   This court dismissed the complaint as frivolous because Butler refused to perform a task due to a prison policy which prohibited him from purchasing large quantities of flammable liquids.

Butler has filed a motion for relief from judgment and new trial contending that the court misunderstood the facts regarding Butler's assigned work.  Butler argues that he was not required to work in the craft shop and that he had special permission to make and sell items there.  He asserts that he did not refuse to obey a legitimate work order as the court concluded in the Memorandum and Order dismissing this action.  He contends that the officials retaliated against him for refusing to provide free services for them in their private capacities.  Butler further complains that he has been transferred and has lost his property.

Butler's argument is unpersuasive because he admits that his craft shop assignment was a privilege. Prisoners are entitled to humane living conditions where their basic needs are met. *Palmer v. Johnson,* 193 F.3d 346 (5th Cir. 1999). However, there is no right to recreational privileges and forfeiture of such privileges does not implicate due process concerns. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Butler's subsequent transfer to another unit is not actionable either because prison officials have broad discretion on where to assign inmates and Butler does not have a constitutionally protected interest in a particular unit or job. *Olim v. Wakinekona*, 103 S.Ct. 1741, 1748 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

Butler's Motion for Extension of Time (Docket Entry No. 16) is **GRANTED**.

Butler's Motion for Relief from Judgment (Docket Entry No. 17) is **DENIED.**

Butler's Motion for New Trial (Docket Entry No. 18) is **DENIED**.

**SIGNED** on this 30th day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE